

FILED
NOV 7 - 2005
JUDGE HARRY D. LEINENWEBER
U.S. DISTRICT COURT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RICHARD CARLSON,

    Plaintiff,

v.

J. DAVID HOOD, JAMES HANDLEY,
NORBERT KIESZKOWSKI, and THE
GENERAL SERVICES
ADMINISTRATION,

    Defendants.

Case No. 04 C 7937

Hon. Harry D. Leinenweber

## MEMORANDUM OPINION AND ORDER

### I. BACKGROUND

On February 24, 2004, the General Service Administration (hereinafter, "GSA") and Plaintiff Richard Carlson (hereinafter, "Carlson") entered into a settlement agreement concerning Carlson's alleged wrongful termination of employment with the GSA. The United States Merit Systems Protection Board (the "MSPB") dismissed Carlson's appeal for wrongful termination and approved the parties' settlement on February 26, 2005. Thereafter, GSA employee J. David Hood ("Hood"), an individual Defendant, sent an e-mail to certain other GSA employees apprizing them of the details of the settlement with Plaintiff, which is the subject of this action. Plaintiff alleges six counts: Counts One through Four against the GSA under the Federal Privacy Act; Count Five against the GSA and GSA employees Hood, James Handley, and Norbert Kieszkowski under

Illinois common-law defamation, and Count Six against the GSA and Hood under Illinois common-law breach of contract.

Before the Court is the government's Motion to Substitute the United States as sole Defendant for the GSA and GSA employees in Counts Five and Six pursuant to the Federal Tort Claims Act (the "FTCA"). The government has also filed a Motion to Dismiss the same counts under FED. R. CIV. P. 12(b)(1) for lack of subject-matter jurisdiction. For the following reasons, the Court grants the government's motions on all stated grounds.

## II. **DISCUSSION**

### A. **Motion to Substitute the United States as Defendant**

The United States argues that the GSA and other individual defendants are not the proper defendants for Counts Five and Six. The United States requests substitution as the sole Defendant for those counts pursuant to 28 U.S.C. § 2679. A plaintiff may only bring an FTCA claim against "the United States and not against the agencies and their employees," "absent explicit authorization to the contrary." *Russ v. United States*, 62 F.3d 201, 203 n.1 (7th Cir. 1995); *see also, Hughes v. United States*, 701 F.2d 56, 58 (7th Cir. 1982)("[A] governmental agency cannot be sued in its own name"); *Stewart v. United States*, 655 F.2d 741, 742 (7th Cir. 1981) ("Plaintiff has no cause of action against an employee").

The GSA is a government agency that falls within the purview of § 2679(a) of the FTCA. A federal agency is defined broadly and

includes the "executive departments, the judicial and legislative branches, the military departments, independent establishments of the United States, and corporations primarily acting as instrumentalities or agencies of the United States." 28 U.S.C. § 2671. Pursuant to the requirements for substitution of § 2679(d)(1), the U.S. Attorney General's office certified that Hood, Handley, and Kieszkowski are GSA employees who were acting within the scope of their employment as employees of the United States at the time of the incidents that relate to this action. A party may challenge the U.S. Attorney General's certification, but the challenging party carries the burden of proving the certification was made in error. *United States v. Jarrett*, 133 F.3d 519, 540 (7th Cir. 1998).

Plaintiff challenges the Attorney General's certification of Hood, Handley, and Kieszkowski as acting within the scope of their employment at the time of the events set forth in the complaint. The determination of whether a defendant's actions fall within the scope of his or her employment is subject to state law. *Snodgrass v. Jones*, 957 F.2d 482, 484 (7th Cir. 1992). Under Illinois law, "[n]o precise definition has been accorded the term 'scope of employment,' but broad criteria have been enunciated." *Taboas v. Mlynczak*, 149 F.3d 576, 582 (7th Cir. 1998). Illinois uses the following criteria in determining whether an act is within the scope of employment:

>       (a)   it is of the kind he is employed to
>             perform;
>
>       (b)   it occurs substantially within the
>             authorized time and space limits;
>
>       (c)   it is actuated, at least in part, by
>             a purpose to serve the master.
>
> (2)   Conduct of a servant is not within the scope
>       of employment if it is different in kind from
>       that authorized, far beyond the authorized
>       time or space limits, or too little actuated
>       by a purpose to serve the master.

*Pyne v. Witmer*, 543 N.E.2d 1304, 1308 (Ill. 1989)(citing Restatement (Second) of Agency § 228 (1958)).

Plaintiff argues that Hood sent the e-mail concerning Carlson's settlement outside the time limits of his employment because Hood's e-mail was sent two hours and thirty-eight minutes outside of GSA's official business hours. This argument is meritless. Appendix A of the GSA order announces basic work requirements but does not impose a strict limitation on when a workday ends. (Pl. Mtn., Exh. 4). While the official business hours of 8:00 a.m. to 4:30 p.m. provide guidance to the public, the hours are not designations as to when a specific employee's workday is complete.

Plaintiff also argues that the circulation of information regarding personnel falls outside the scope of employment because it is not specifically enumerated in Defendants' job descriptions. "No precise definition has been accorded the term 'scope of employment,'" and job descriptions will not be held to exclusively

- 4 -

define the scope of employment. *Taboas*, 149 F.3d at 582. While Plaintiff worked at GSA, Hood was his supervisor. A supervisory role includes the discretion to share information as necessary to further the purposes of the United States. Hood was acting within that purpose when he shared the details and rationale of the Carlson settlement with other GSA employees. Accordingly, the Court grants the Government's Motion and substitutes the United States as Defendant for the purpose of resolving Counts Five and Six.

### B. Motion to Dismiss Counts Five and Six for Lack of Subject-Matter Jurisdiction

#### *1. Sovereign Immunity*

The United States also seeks to dismiss Counts Five and Six under Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction. When deciding a Rule 12(b)(1) motion, a district court accepts as true all well-pleaded factual allegations and draws reasonable inferences in favor of the plaintiff. *United Transp. Union v. Gateway W. Ry. Co.*, 78 F.3d 1208, 1210 (7th Cir. 1996). Defendant argues that Plaintiff's defamation and breach of contract claims are barred because the FTCA's limited waiver of sovereign immunity does not apply to "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." 28 U.S.C. § 2680(h). It is well established that the United States does not

relinquish sovereign immunity except when there is an express statutory cede of that immunity. *Calderon v. United States*, 123 F.3d 947, 948 (7th Cir. 1997)("While the FTCA on its face is a 'broad waiver' of sovereign immunity that provides for governmental liability commensurate with that of private parties, its waiver of immunity is far from absolute; many important classes of tort claims are excepted from the Act's coverage."). The torts of defamation and breach of contract against the United States fall outside the waiver of sovereign immunity. 28 U.S.C. § 2680(h); *Henderson v. Harris*, 672 F. Supp. 1054, 1064 (N.D. Ill. 1987) (holding that under the FTCA the court lacked subject-matter jurisdiction to hear plaintiff's defamation claim.); Fed. Deposit Ins. Corp. v. Miller, 781 F. Supp. 1280, 1286 (N.D. Ill. 1991) (holding the plaintiff's "interference with contract claim is barred by the plain language of § 2680(h)"). Accordingly, Counts Five and Six are dismissed for lack of subject-matter jurisdiction.

### 2. **Alternative Grounds**

The government submits two alternative grounds for subject-matter dismissal of Counts Five and Six. Although sovereign immunity is a clear bar to jurisdiction, both counts also lack jurisdiction on the alternative grounds. Counts Five and Six are barred because Plaintiff has not presented his claims to the appropriate agency, the GSA, as the FTCA requires. 28 U.S.C. § 2675(a); *Best Bearings Co. v. United States*, 463 F.2d 1177, 1179

(7th Cir. 1972). Additionally, Count Six is barred because Plaintiff did not complete the administrative process for enforcement of the parties' settlement agreement in the MSPB as set out in the Civil Services Reform Act, 5 U.S.C. § 1101 et seq. See *Blaney v. United States*, 34 F.3d 509, 512 (7th Cir. 1994).

### III. CONCLUSION

For the reasons stated herein, the United States' Motion to Substitute itself as sole Defendant for Counts Five and Six **is granted**, and its Motion to Dismiss those Counts for lack of subject-matter jurisdiction **is granted** as well.

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

Dated: November 7, 2005